IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARVIN WELCH,

                Plaintiff,

v.                                       CIVIL ACTION NO. 2:15-cv-01022

LOGAN GENERAL HOSPITAL, LLC,

                Defendant.

**MEMORANDUM OPINION & ORDER**
(*Defendant's Motion to Bifurcate & Stay*)

Pending before the court are the defendant's Motion to Bifurcate and Stay Negligent Credentialing Claim ("Motion to Bifurcate & Stay") [Docket 17]; the plaintiff's Motion to File Surreply Memorandum in Opposition of Defendant's Motion to Bifurcate and Stay Negligent Credentialing Claim ("Motion to File Surreply") [Docket 27]; and the defendant's Motion to Brief the Issue of Applicability of W. Va. Code § 55-7-27 ("Motion to Brief") [Docket 28]. For the reasons discussed below, the defendant's Motion to Bifurcate & Stay [Docket 17], the plaintiff's Motion to File Surreply [Docket 27], and the defendant's Motion to Brief [Docket 28] are **DENIED**.[1]

---

[1] In his Motion to File Surreply [Docket 27], the plaintiff raises concerns regarding the defendant's reference to West Virginia Code § 55-7-27, which discusses the bifurcation of punitive damages. The defendant does not oppose the plaintiff's Motion to File Surreply because it believes the issue "should be fully briefed by both parties." (Def.'s Resp. to Pl.'s Mot. to File Surreply [Docket 28] ¶¶ 1-2). I do not find this statute particularly relevant to the motion currently before me, given that the defendant specifically seeks bifurcation of the negligent credentialing claims—not punitive damages. To the extent the defendant seeks bifurcation of punitive damages under W. Va. Code § 55-7-27, the parties are free to address those issues in a separate motion. Furthermore, because I **DENY** the defendant's Motion to Bifurcate & Stay [Docket 17], a surrreply from the plaintiff is unnecessary at this stage.

**I.     Background**

This case arises out of the medical treatment of the plaintiff, Marvin Welch, by his physician, Jamie Hall, DPM. During the course of Mr. Welch's treatment, Dr. Hall was employed by the defendant, Logan General Hospital, LLC d/b/a Logan Regional Medical Center ("LGH"). (Compl. [Docket 1] ¶ 3). The plaintiff alleges that Dr. Hall performed unnecessary surgery on his left ankle, which resulted in an infection requiring medical care and treatment at other medical facilities. (*Id.* ¶¶ 7–12). Mr. Welch also claims that he has suffered significant loss of use of his left ankle and additional injuries. (*Id.* ¶ 12). Although Dr. Hall is not a party to this action, the plaintiff alleges he "failed to act in the same manner that a reasonably prudent podiatrist would have under like or similar circumstances." (*Id.* ¶ 13). The plaintiff also alleges that LGH is vicariously liable for the negligence of Dr. Hall and his intentional performance of an unnecessary surgery. (*Id.* ¶¶ 16–17; *see also* Pl.'s Resp. to Def.'s Mot. to Bifurcate & Stay [Docket 20], at 3 (clarifying allegations in the Complaint)). Further, the plaintiff claims that LGH (1) was negligent in the hiring and retention of Dr. Hall, (Compl. [Docket 1] ¶ 18); (2) was negligent in credentialing and privileging Dr. Hall, (*id.* ¶ 19); and (3) abandoned Mr. Welch in violation of the standard of care, (*id.* ¶ 12). Lastly, the plaintiff seeks both compensatory and punitive damages. (*Id.* ¶ 20).

Presently, the defendant moves pursuant to Federal Rule of Civil Procedure 42(b) to bifurcate and stay the negligent credentialing claims pending resolution of the plaintiff's medical negligence claims. (Def.'s Mot. to Bifurcate & Stay [Docket 17], at 1).[2]

---

[2] In the defendant's Reply, LGH explains that the claims it seeks to bifurcate and stay—the "negligent credentialing claims"—include the plaintiff's claims for negligent hiring, retention, credentialing, and privileging, and *not* the claims for medical negligence and abandonment. (Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Bifurcate & Stay [Docket 26], at 1–2).

**II.     Legal Standard**

Federal Rule of Civil Procedure 42(b) provides as follows:

> *Separate Trials.* For convenience, to avoid prejudice, or to expedite and economize, the court may order separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The court has broad discretion in deciding whether to bifurcate claims for trial, and "exercise of that discretion will be set aside only if clearly abused." *Lester v. Homesite Ins. Co. of the Midwest*, No. 1:14-20361, 2014 WL 6682334, at *1 (S.D. W. Va. Nov. 25, 2014) (citing *Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993)). "[T]he party seeking bifurcation has the burden of showing that separate trials are proper in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience." *Belisle v. BNSF Ry. Co.*, 697 F. Supp. 2d 1233, 1250 (D. Kan. 2010) (internal quotation marks omitted). Although bifurcation may be appropriate when resolution of certain issues could be dispositive of the entire case, *see O'Malley v. U.S. Fidelity & Guaranty Co.*, 776 F.2d 494, 501 (5th Cir. 1985) (finding the district court did not abuse its discretion in bifurcating the coverage and bad faith issues), if the court orders bifurcation and certain issues are *not* resolved, "the court would be forced to hold two trials," which clearly impedes judicial economy. *Lester*, 2014 WL 6682334, at *2 (rejecting the defendant's contention that potential resolution of insurance coverage issue justified bifurcating and staying contract claim).

**III.     Analysis**

Broadly, the defendant contends that "bifurcating and staying plaintiff's negligent credentialing claim would avoid prejudice to the parties, promote judicial economy, and ensure a fair trial on the merits as to each separate claim." (Def.'s Mem. of Law in Supp. of Mot. to

Bifurcate & Stay ("Def.'s Mem.") [Docket 18], at 3). More specifically, the defendant argues in favor of bifurcation because (1) in order to proceed on the negligent credentialing claims, the plaintiff must first prove that Dr. Hall was negligent; and (2) trying the claims simultaneously would result in jury confusion and prejudice. (*Id.* at 4, 8).

The Southern District of West Virginia has ruled on the issue of bifurcation more frequently in the context of insurance coverage. *See Lester*, 2014 WL 6682334 (denying defendant's motion to bifurcate and stay); *Wilkinson v. Mut. of Omaha Ins. Co.*, No. 2:13-cv-09356, 2014 WL 880876 (S.D. W. Va. Mar. 6, 2014) (same); *Scarberry v. Huffman*, No. 3:10-0831, 2010 WL 4068923 (S.D. W. Va. Oct. 15, 2010) (same); *Light v. Allstate Ins. Co.*, 182 F.R.D. 210 (S.D. W. Va. 1998) (same). However, the defendant's argument that the plaintiff must first prove Dr. Hall's negligence before proceeding with the negligent credentialing claims is analogous to first proving that insurance coverage exists. In *Lester*, the defendant argued that bifurcation would further judicial economy by avoiding "the time and expense of a trial on the breach of contract claim because such a claim will be moot if the court determines that coverage does not exist." 2014 WL 6682344, at *2. The court rejected this argument, explaining that it only makes sense and promotes judicial economy if the defendant prevails on the coverage issue. *Id.* ("If it does not [prevail on the coverage issue], the court and parties would be burdened with two phases of discovery, motions, voir dires, and two separate trials.").

I am faced with a similar situation here. The parties appear to agree that the negligent credentialing claims are moot if the plaintiff fails to prove that Dr. Hall was negligent. However, I decline to exercise my discretion to bifurcate at this stage based on the mere assumption that Dr. Hall may not have been negligent. *See North Pacific Ins. Co. v. Stucky*, No. CV 12-15-H-

4

DLC, 2013 WL 5408837, at *2 (D. Mont. Sept. 25, 2013) ("Thus, a determination of non-coverage, [the defendant] argues, would prevent this Court and the parties from wasting resources on claims that could be disposed of by a coverage determination. However, this assertion is predicated on the assumption that [the defendant] will prevail on the issue of coverage. If coverage is determined to exist, another trial would still be necessary to determine damages."). Accordingly, I **FIND** that "the process outlined by [LGH] is not convenient nor does it promote judicial economy or efficiency." *Lester*, 2014 WL 6682334, at *2.[3]

The defendant also argues that bifurcation avoids prejudice and jury confusion because the medical negligence claim is limited to evidence concerning Dr. Hall's treatment of the plaintiff, while the negligent credentialing claims encompass evidence concerning Dr. Hall's treatment of other patients and additional matters. (Def.'s Mem. [Docket 18], at 9–10 ("[I]n attempting to prove his negligent credentialing claim against [LGH], it is presumed that Plaintiff will present evidence critical of Dr. Hall's education, training, qualifications, credentials, and care of patients other than Plaintiff as well as evidence that [LGH] deviated from the accepted standard of care in its credentialing of Dr. Hall.")).

In *Corrigan v. Methodist Hospital*, the court described what is known as the "spill-over" effect:

> Prejudice can be shown "where evidence as to the specific injuries suffered by plaintiffs might influence the jury's consideration of other issues." [*Keister v. Dow Chemical Co.*, 723 F. Supp. 117, 121 (E.D. Ark. 1989)]; [*Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 116 (E.D. La. 1992)] ("there is the danger (especially perilous in complicated trials with many separate and distinct

---

[3] In *Young v. Apogee Coal Co.*, I granted a Joint Motion to Bifurcate and Stay Claims in the insurance context. No. 2:12-cv-01324, 2015 WL 65542 (S.D. W. Va. Jan. 5, 2015). However, as noted in that opinion, I found it "particularly significant that both sides agree[d] bifurcation [would] expedite justice, as evidenced by their Joint Motion." *Id.* at *3 (internal quotation marks and citations omitted).

>issues) that the jury will consider evidence that may be admissible on only one issue to the moving party's prejudice on other issues.").

160 F.R.D. 55, 57 (E.D. Pa. 1995) (considering defendant's motion to bifurcate negligent credentialing claim against hospital from negligence claim against doctor). Subsequently, the court determined that "[a]ny potential prejudice from spill-over [was] minimal," and that the issue of the doctor's negligence in one particular instance versus the doctor's negligence in the past were "ones between which the jury [could] distinguish." *Id.* at 58. Here, the risk of prejudice against Dr. Hall is even less significant because he is not a party.

Furthermore, this case involves just two parties, and "the evidence expected to be adduced at trial is not so complex or overwhelming that a properly presented jury would be confused by the issues involved." *Light*, 182 F.R.D. at 213; *see also Scarberry*, 2010 WL 4068923, at *2–3 (denying without prejudice defendant's motion to bifurcate because the case did not involve an "inordinate number of parties" or "particularly complex issues"). Any potential prejudice resulting from combined trials can be remedied by protective measures, including cautionary warnings, limiting instructions, and other instructions to the jury. *Id.* at 57; *see also Andrews v. Reynolds Mem'l Hosp., Inc.*, 499 S.E.2d 846, 857 (W. Va. 1997) ("I caution you that in considering the question of negligence on the part of Dr. Spore, you cannot consider any of the evidence that has been presented regarding complaints and medical license proceedings. That evidence is not relevant at all to the manner of treatment by Dr. Spore of Gina Andrews on July 6, 1990. That evidence is relevant only to the issues of negligent hiring and/or retention, a claim only against the Reynolds Memorial Hospital, not Dr. Spore."). Accordingly, I **FIND** that the defendant has not met its burden of demonstrating sufficient prejudice to warrant separate trials.

**IV.     Conclusion**

For the reasons discussed above, the defendant's Motion to Bifurcate & Stay [Docket 17], the plaintiff's Motion to File Surreply [Docket 27], and the defendant's Motion to Brief [Docket 28] are **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:        June 18, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE